BRYANT, Judge.
 

 William F. Kneller (defendant) appeals a judgment dated 7 July 2003 revoking his probation.
 

 Defendant pled guilty to assault by pointing a gun and being an accessory after the fact to a felony. In a judgment dated 21 May 2002, the trial court imposed a suspended sentence of fourteen to seventeen months imprisonment and placed defendant on supervised probation for thirty-six months.
 

 In a report dated 9 April 2003, defendant was charged with violating a regular condition of probation by committing four criminal offenses on 29 December 2002 and 5 January 2003. At a hearing held 7 July 2003, defendant admitted to willfully violatingprobation as alleged in the report. The trial court revoked defendant's probation and activated his suspended sentence. Defendant filed timely notice of appeal from the judgment.
 

 Defendant claims on appeal the evidence adduced at the revocation hearing did not support the findings of fact made by the trial court in support of its judgment revoking probation. Specifically, he points to the finding in the judgment that he violated the terms of his probation as alleged "in paragraph[] 15 in the Violation Report or Notice dated 04-09-2003." Defendant observes that the violation report "contains only one paragraph . . . and does not contain a paragraph 15."
 

 The record on appeal unequivocally demonstrates that the reference on the judgment to paragraph "15" is a typographical error. The allegations against defendant consisted of a single paragraph "1" in a single violation report dated 9 April 2003. Defendant admitted to a willful violation as alleged in the report. Accordingly, we affirm the judgment but remand for correction of the court's "FINDINGS" to refer to paragraph "1" of the violation report.
 
 See State v. Sellers,
 

 155 N.C. App. 51
 
 , 59,
 
 574 S.E.2d 101
 
 , 106-07 (2002).
 

 Affirmed; remanded for correction of clerical error in the judgment.
 

 Chief Judge MARTIN and Judge McGEE concur.
 

 Report per Rule 30(e).